**Woodard Peyton HENDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13383.**

United States Court of Appeals Sixth Circuit.

March 12, 1958.

George B. Boston, Bowling Green, Ky., Rodes K. Myers, Bowling Green, Ky., on brief, for appellant.

William B. Jones, Louisville, Ky., J. Leonard Walker, James C. Jernigan, Louisville, Ky., on brief, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

Convicted of armed bank robbery upon a jury verdict in the district court, the appellant was sentenced to a long term of imprisonment. This appeal from the judgment of conviction has, by leave of the district court, been prosecuted in *forma pauperis,* and counsel appointed to represent the appellant at his trial have continued their representation here. The conscientious concern of court and counsel for the protection of the appellant's rights is to be commended.

The only issue presented on this appeal relates to the sufficiency of the evidence to sustain the jury's verdict. Contending that the evidence was insufficient, and that the judgment should consequently be set aside, counsel for the appellant rely primarily on this court's decision in Reamer v. United States, 6 Cir., 1956, 229 F.2d 884.

A careful review of the record as a whole, however, discloses that the evidence of guilt here was vastly stronger in degree and kind than was the evidence in the Reamer case. Two employees of the bank positively identified the appellant as the lone, unmasked man who stole $6800 from the bank at gunpoint. When the appellant was apprehended in North Carolina a few days after the robbery, he was in possession of an automobile which he had purchased under an assumed name for $1000 in cash two days after the robbery, of a gun similar to the one used in the robbery, and of over $5000 in bills of various denominations. Other corroborative evidence placed the appellant near the scene of the robbery two days before it was committed and identified some of the bills with which he was found after the robbery as the same ones which had been in the bank's possession.

Because, as summarized above, the evidence clearly supported the jury's verdict, and because a review of the record discloses no error prejudicial to the appellant in the conduct of the trial, the judgment must be and is hereby affirmed.